

FILED
NR
DEC 1 3 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. )
)
ANTOIN REZKO, )
  also known as "Tony Rezko", )
ALI ATA, and )
ABDELHAMID CHAIB, )
  also known as "Al Chaib" )

**JUDGE ZAGEL**

No. 06 CR-729
Violation: Title 18, United
States Code, Sections 1341,
1343, 1346, and 2

**SECOND SUPERSEDING INDICTMENT**

**COUNT ONE**           **MAGISTRATE JUDGE MASON**

The SPECIAL AUGUST 2006-2 GRAND JURY charges:

1.  At times material to this indictment:

    a.  General Electric Capital Corporation (formerly known as General Electric Capital Business Asset Funding Corporation and General Electric Franchise Finance Corporation) ("GECC") was a corporation with its principal place of business in Bellevue, Washington. Among other things, GECC loaned money to franchisee-borrowers for the purpose of acquiring, operating, and building fast food franchise restaurants.

    b.  Defendant ANTOIN REZKO (also known as "Tony Rezko") ("REZKO"), a resident of Wilmette, Illinois, was the president of Rezko Enterprises LLC, a businesses that owned and operated restaurants including Papa John's Pizza restaurants, directly and through subsidiaries including PJ Chicago LLC.

    c.  ABDELHAMID CHAIB (also known as "Al Chaib"), a resident of LaGrange Park, Illinois, was an officer of several restaurant businesses operated by defendant ANTOIN REZKO, including

Rezko-Citadel (d/b/a Panda Express), which was a partially owned by Rezko Enterprises LLC.  Defendant ABDELHAMID CHAIB owed a fiduciary duty and duty of honest services to the Individual Investors.

        d.    Defendant ALI ATA, a resident of Lemont, Illinois, was the executive director of the Illinois Finance Authority. Defendant ALI ATA maintained investments in business ventures controlled by defendant ANTOIN REZKO.

        e.    Rezko Enterprises LLC ("Rezko Enterprises") was a limited liability company with offices in Downers Grove and Chicago, Illinois.  Rezko Enterprises owned and operated fast-food restaurants, directly and indirectly through subsidiary companies, pursuant to franchise agreements, including Papa John's Pizza stores in and around Chicago, Illinois; Milwaukee, Wisconsin; and elsewhere. Rezko Enterprises was owned by shareholders, including individuals who had paid money to obtain shares in Rezko Enterprises ("Individual Investors").    As president of Rezko Enterprises, defendant ANTOIN REZKO owed a fiduciary duty and a duty of honest services to the Individual Investors.

        f.    PJ Chicago LLC ("PJ Chicago") was a wholly owned subsidiary of Rezko Enterprises LLC, and owned and operated Papa John's Pizza stores in and around Chicago, Illinois, and Milwaukee, Wisconsin, and elsewhere.

        g.    Chicago PJ LLC ("Chicago PJ") was owned and operated by defendant ANTOIN REZKO.   Beginning in approximately 2001,

defendant ANTOIN REZKO, doing business as Chicago PJ LLC, owned and operated Papa John's Pizza stores in and around Chicago, Illinois. Rezko Enterprises and the Individual Investors had no ownership interests in Chicago PJ LLC.

h.   East Coast PJ, LLC was a wholly owned subsidiary of Rezko Enterprises, and operated Papa John's Pizza restaurants in the Detroit, Michigan, area.

i.   Al Chaib LLC and Chaib Investments LLC were owned and purportedly operated by ABDELHAMID CHAIB, and had offices in Chicago, Illinois.   Beginning in approximately December 2002, ABDELHAMID CHAIB, doing business as Al Chaib LLC and Chaib Investments LLC, purportedly owned and operated Papa John's Pizza stores in and around Detroit, Michigan; and in and around Chicago, Illinois.

j.   The Illinois Finance Authority ("IFA") was a state authority principally engaged in issuing taxable and tax-exempt bonds to promote business in the state.   Under Illinois law, the IFA could guarantee private loans to third parties to promote economic development in Illinois, but had no statutory authority to guarantee loans that would promote economic activity outside Illinois or in connection with assets located outside of Illinois. Further, the IFA had only limited economic reserves and consequently was not in a position to guarantee multi-million

3

dollar loans. A written application was required by the IFA before any request for funding was considered by the IFA.

k.   Investor 1 was an investor in Rezko Enterprises.

l.   Individual A was an employee of one of the pizza restaurant businesses that REZKO operated. Individual A controlled Company A. Rezko Enterprises and the Individual Investors had no ownership interests in Company A.

m.   Individual B was the controller of the pizza restaurant businesses that REZKO controlled, and in that capacity Individual B supervised the accounting for these businesses and oversaw the creation of financial statements relating to the pizza restaurants controlled by REZKO. Individual B left the REZKO pizza restaurant businesses in or about February 2002.

n.   Individual C, a certified public accountant, operated an accounting business in Cleveland, OH. Among other things, Individual C was Individual A's accountant.

o.   Individual D was employed in one of REZKO's pizza businesses, and in or about February 2002 succeeded Individual B as controller of the pizza restaurant businesses that Rezko controlled. In that capacity, Individual D supervised the accounting for these businesses and oversaw the creation of financial statements relating to the pizza restaurants controlled by Rezko.

4

2.    Between in or about 2000 and at least on or about March
1, 2004, at Chicago, in the Northern District of Illinois, Eastern
Division, and elsewhere,

ANTOIN REZKO
(a/k/a TONY REZKO), and
ABDELHAMID CHAIB
(a/k/a AL CHAIB),

defendants herein, together with Individuals A, C, and D, and with
other persons known and unknown to the Grand Jury (collectively the
"co-schemers"), knowingly devised, intended to devise, and
participated in a scheme to defraud and to obtain money and
property from GECC by means of false and fraudulent pretenses,
representations, promises, and material omissions, and to defraud
the Individual Investors by depriving them of their right to
defendant REZKO's and defendant CHAIB's honest services, which
scheme is further described below; and

ALI ATA,

defendant herein, did aid and abet defendant ANTOIN REZKO, and his
co-schemers, in committing said offense.

3.    It was part of the scheme that defendant ANTOIN REZKO,
for the purpose of fraudulently obtaining loans from GECC, delaying
action by GECC to collect a delinquent loan, and concealing the
nature of those transactions from the Individual Investors:

a.    caused Rezko Enterprises, directly and indirectly
through its subsidiary companies, to transfer
assets, namely pizza restaurants located in the
vicinity of Milwaukee, Wisconsin and Chicago,
Illinois, to a company owned by Individual A, who

5

was acting as a nominee for REZKO, and to himself doing business as Chicago PJ, in transactions in which the purchase prices were inflated;

b. applied, and caused Individual A to apply, to GECC for loans to finance the purchase of these restaurants;

c. caused materially false and fraudulent statements and representations, and material omissions, to be made to GECC in connection with these loan applications and concerning subjects that included restaurant earnings, buyer equity, and purchase terms, and misrepresentations about the purchase prices;

d. caused, along with aider and abettor ALI ATA, materially false and fraudulent statements and representations to be made to GECC for the purpose of delaying action by GECC to collect a delinquent loan relating to the Chicago area pizza restaurants, specifically by providing GECC with a letter, signed by ALI ATA, that falsely made it appear that Investor 1 had applied for financing from the IFA in connection with Investor 1's acquisition of the Milwaukee and Chicago area pizza restaurants, and that an IFA guarantee of 50% of the total acquisition cost of $16 million would be recommended to IFA's board for approval; and

e. following the transfers of ownership of the Milwaukee and Chicago area restaurants, misled and caused others to mislead the Individual Investors about the ownership and performance of Rezko Enterprises and its pizza restaurants by, among other things, falsely representing the sales of restaurants as the refinancing of existing debt and concealing the transfers of ownership.

4. It was further part of the scheme that defendant ANTOIN REZKO together with defendant ABDELHAMID CHAIB, for the purpose of fraudulently obtaining a loan from GECC, delaying action by GECC to collect delinquent loans, and concealing the nature of those transactions from the Individual Investors:

a. caused Chicago PJ and Rezko Enterprises, directly and indirectly through its subsidiary companies PJ Chicago and East Coast PJ, to transfer assets, namely pizza restaurants located in the vicinity of Detroit, Michigan, and Chicago, Illinois, to a company owned by defendant ABDELHAMID CHAIB, who was acting as a nominee for REZKO, in transactions in which the purchase prices were inflated;

b. applied, and caused defendant ABDELHAMID CHAIB to apply, to GECC for a loan to finance the purchase of these restaurants;

c. caused materially false and fraudulent statements and representations, and material omissions, to be made to GECC in connection with this loan application and concerning subjects that included restaurant earnings, buyer equity, and purchase terms, and misrepresentations about the purchase prices; and

d. caused materially false and fraudulent statements and representations to be made to GECC for the purpose of delaying action by GECC to collect delinquent loans obtained by Chicago PJ and Chaib Investments LLC.

<u>Sale of the Milwaukee Area Stores</u>

5. It was further part of the scheme that in or about 2000, defendant ANTOIN REZKO asked Individual A to assist him in raising money by entering into a transaction in which Individual A would act as a straw purchaser of Papa John's Pizza restaurants located in the Milwaukee, Wisconsin area from PJ Chicago at an inflated price so that GECC would lend money based on this inflated purchase price. Individual A agreed.

6. It was further part of the scheme that defendant ANTOIN REZKO caused Individual A, with the assistance of Individual C, to apply to GECC for a $5 million loan to finance the purchase by

7

Company A from PJ Chicago LLC of certain Papa John's Pizza restaurants located in the Milwaukee, Wisconsin area.

7.     It was further part of the scheme that defendant ANTOIN REZKO caused materially false and fraudulent statements and material omissions to be made to GECC in connection with this loan application, including by:

> a.   causing the creation of documents that falsely made it appear that the straw purchaser, Individual A and his company, had made and were going to make a substantial equity contribution towards the purchase price;
>
> b.   causing Individual B to create false and fraudulent financial statements relating to the Milwaukee area stores, which misrepresented the financial performance and status of the restaurants involved, including their true operating expenses; and
>
> c.   causing those false and fraudulent financial statements to be submitted to GECC in connection with Individual A's loan application.

8.     As a result of defendant ANTOIN REZKO's fraudulent acts and the acts of his co-schemers, ownership of certain Milwaukee-area Papa John's Pizza restaurants was transferred from PJ Chicago LLC to Company A, and GECC loaned Company A approximately $4.5 million in March 2001.

9.     It was further part of the scheme that defendant ANTOIN REZKO concealed and directed others to conceal from the Individual Investors the transfer of ownership of the Milwaukee area pizza stores by, among other things, providing Individual Investors with fraudulent financial statements that made it falsely appear that

8

Rezko Enterprises or one of its wholly owned subsidiaries still owned the Milwaukee area pizza stores, and by characterizing the $4.5 million GECC loan as a refinancing of existing debt.

### Sale of Chicago Area Stores

10.  It was further part of the scheme that on or about July 6, 2001, defendant ANTOIN REZKO, doing business as Chicago PJ LLC, entered into an agreement with PJ Chicago LLC to purchase certain Papa John's Pizza restaurants located in the Chicago area at a price that was inflated so that GECC would lend money based on the inflated purchase price.

11.  It was further part of the scheme that defendant ANTOIN REZKO, with the assistance of Individual C and others, applied to GECC for a $7.5 million loan to finance the purchase by Chicago PJ LLC from PJ Chicago LLC of certain Papa John's Pizza restaurants located in the Chicago, Illinois area.

12.  It was further part of this scheme that defendant ANTOIN REZKO caused materially false and fraudulent statements and material omissions to be made to GECC in connection with this loan application, including by:

> a.  causing the creation of documents that falsely made it appear that defendant REZKO and his company, Chicago PJ LLC, had made and were going to make a substantial equity contribution towards the purchase price;
>
> b.  causing the terms of the purchase transaction, and the financial performance and status of the restaurants involved to be falsely represented to GECC; and

9

      c.     causing Individuals A and B, and others, to create, submit, and cause to be submitted to GECC, in connection with the loan applications, financial statements for the Chicago area pizza stores that defendant ANTOIN REZKO well-knew to be materially false, including by fraudulently reducing expenses and falsely inflating net income, also characterized as "Restaurant Contribution."

13.   As a result of defendant ANTOIN REZKO's fraudulent acts and the acts of his co-schemers, ownership of certain Chicago-area Papa John's Pizza restaurants was transferred from PJ Chicago LLC to Chicago PJ LLC and GECC made loans to Chicago PJ LLC totaling in excess of $6 million in or about October 2001.

14.   After the closing on the fraudulently-obtained GECC loan to Chicago PJ LLC, that loan became delinquent. It was further part of the scheme that after this loan became delinquent, defendant ANTOIN REZKO requested forbearance from GECC on collection of its loans to Chicago PJ LLC and, in connection with that request, caused Individual D to create and to submit to GECC financial statements for Chicago PJ's Chicago area Papa John's Pizza restaurants that defendant ANTOIN REZKO knew to be materially false, in that, among other things, they fraudulently reduced expenses and falsely inflated net income, also characterized as "Restaurant Contribution."

15.   It was further part of the scheme that defendant ANTOIN REZKO concealed and directed others to conceal from the Individual Investors the transfer of ownership of the Chicago area pizza stores by, among other things, providing Individual Investors with

10

fraudulent financial statements that made it falsely appear that
Rezko Enterprises or one of its wholly owned subsidiaries still
owned the Chicago area pizza stores, and by characterizing the $4.5
million GECC loan as a refinancing of existing debt.

### Sale of Michigan and Chicago Stores

16. It was further part of the scheme that in or about
October 2002, defendant ABDELHAMID CHAIB, doing business as Al
Chaib LLC and, later, Chaib Investments LLC, agreed with defendant
ANTOIN REZKO that he would assist defendant ANTOIN REZKO to raise
money by entering into transactions in which he would act as a
straw purchaser and falsely purport to purchase, at inflated
prices, approximately 17 Papa John's pizza restaurants from
companies that defendant ANTOIN REZKO owned and/or controlled so
that GECC would lend money based on inflated purchase prices.
These approximately 17 restaurants were located in the Detroit,
Michigan, and Chicago, Illinois areas.

17. It was further part of the scheme that defendant
ABDELHAMID CHAIB, with the assistance of Individual D and defendant
ANTOIN REZKO, did apply to GECC for a $3.4 million loan to finance
his purchase of the approximately 17 restaurants from three
different entities owned and/or controlled by defendant ANTOIN
REZKO, specifically, East Coast PJ, PJ Chicago LLC, and Chicago PJ
LLC.

11

18.   It was further part of the scheme that defendants ANTOIN
REZKO and ABDELHAMID CHAIB caused materially false and fraudulent
statements and material omissions to be made to GECC in connection
with this loan application, including by:

    a.   causing the creation of documents that falsely made
         it appear that the straw purchaser, defendant
         ABDELHAMID CHAIB and his company, had made and were
         going to make a substantial equity contribution
         towards the purchase price;

    b.   falsely representing to GECC that defendant
         ABDELHAMID CHAIB intended to operate these
         restaurants independently when as defendants ANTOIN
         REZKO and ABDELHAMID CHAIB well-knew, after the
         loan was funded, the restaurants would be operated
         as before, namely under the direction and control
         of defendant ANTOIN REZKO and his employees;

    c.   falsely representing to GECC the purchase price of
         the restaurants by, among other things, falsely
         representing that a portion of the purchase price
         was being funded by a promissory note executed by
         defendant ABDELHAMID CHAIB doing business as Chaib
         Investments, when as defendants well-knew, they had
         no intention of making payment or seeking payment
         pursuant to any such promissory note;

    d.   causing Individual D to create false and fraudulent
         financial statements relating to the restaurants
         that were being purchased, which misrepresented the
         financial performance and status of the restaurants
         involved, including their true operating expenses;
         and

    e.   causing those false and fraudulent financial
         statements to be submitted to GECC in connection
         with defendant ABDELHAMID CHAIB'S loan application.

19.   As a result of defendants ANTOIN REZKO and ABDELHAMID
CHAIB's fraudulent acts and the acts of their co-schemers,
ownership of certain Detroit-area Papa John's Pizza restaurants was

12

transferred from East Coast PJ LLC to Chaib Investments LLC (f/k/a Al Chaib LLC); Chicago-area Papa John's Pizza restaurants were transferred from PJ Chicago LLC and others from Chicago PJ LLC to Chaib Investments LLC (f/k/a Al Chaib LLC); and GECC loaned Chaib Investments LLC approximately $2.6 million in December 2002.

20.   It was further part of the scheme that defendants ANTOIN REZKO and ABDELHAMID CHAIB concealed and directed others to conceal from the Individual Investors the transfer of ownership of these approximately 17 pizza stores by, among other things, characterizing the loan from GECC a refinancing of existing debt.

### Fraudulent Efforts to Delay Collection of Loan Relating to Chicago Area Pizza Restaurants

21.   In or about January 2004, Investor 1, doing business as Company C, at the request of defendant ANTOIN REZKO, purchased the Milwaukee area pizza restaurants from Individual A, and assumed the outstanding loan obligation with GECC relating to those restaurants.

22.   After the closing on the fraudulently-obtained GECC loan to Chicago PJ LLC, relating to the Chicago area pizza restaurants, defendant REZKO, doing business as Chicago PJ LLC, fell behind on the required loan payments to GECC and was in default of its loan agreement.

23.   It was further part of the scheme that, for the purpose of delaying action by GECC to collect on the delinquent Chicago PJ

13

LLC loan, defendant ANTOIN REZKO proposed to GECC that Investor 1 acquire the Chicago PJ restaurant business.

24.   It was further part of the scheme that in or about February 25, 2004, at the request of defendant REZKO and for the purpose of assisting defendant REZKO in defrauding GECC, defendant ALI ATA signed a letter on IFA letterhead ("the February 2004 letter") that falsely made it appear that Investor 1 had applied for financing with the IFA in connection with Investor 1's acquisition of the Milwaukee and Chicago area pizza restaurants. The letter, which was addressed to Investor 1 but which defendant ATA knew that defendant REZKO intended to present to GECC, represented that:

> your request for financing the acquisition of Papa John's stores in the Chicago and Milwaukee markets will be recommended for approval by the Board of Directors of the Illinois Finance Authority (IFA) on March 15, 2004.
>
> IFA will guarantee 50% of the total acquisition cost of $16 million. Closing can be scheduled three weeks after board approval.

25.   As defendant ATA well knew, Investor 1 had not submitted an application to the IFA, no financing proposal for Investor 1's purchase of the Chicago and Milwaukee area Papa John's restaurants had been reviewed by IFA's staff, no such financing proposal existed to be presented for approval by the IFA board, and the proposed loan guarantee was inconsistent with IFA's financing practices and its available financial resources.

14

26.   It was further part of the scheme that on or about March 1, 2004, defendant ANTOIN REZKO sent and caused to be sent the February 2004 Letter to GECC via facsimile.

27.   It was further part of the scheme that defendants ANTOIN REZKO and ABDELHAMID CHAIB, and their co-schemers misrepresented, concealed and hid and caused others to misrepresent, conceal, and hide, and to attempt to misrepresent, conceal, and hide, acts done in furtherance of the scheme and the purposes of those acts.

28.   On or about December 19, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ANTOIN REZKO,
> (a/k/a TONY REZKO), and
> ABDELHAMID CHAIB,
> (a/k/a AL CHAIB),

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a facsimile transmission of three purchase and sale agreements for the aforementioned restaurant purchase transactions from Attorney A in Chicago, Illinois, to a GECC employee in Scottsdale, Arizona;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT TWO

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1 through 27 of Count One are realleged and incorporated here.

2.    On or about December 23, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO,
(a/k/a TONY REZKO), and
ABDELHAMID CHAIB,
(a/k/a AL CHAIB),

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, did knowingly cause to be deposited for delivery by an interstate carrier from Chicago, Illinois, an envelope addressed to GECC Employee A in Scottsdale, Arizona, to be sent and delivered by an interstate carrier, namely, Federal Express, according to the directions thereon, which envelope contained a letter and executed original closing documents, including original Note and Guaranty;

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT THREE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1 through 27 of Count One are realleged and incorporated here.

2.    On or about December 31, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

                    ANTOIN REZKO,
                (a/k/a TONY REZKO), and
                    ABDELHAMID CHAIB,
                    (a/k/a AL CHAIB),

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a wire transfer of $2,600,000 from GECC's bank account at Bankers Trust in New York City, New York, through the Fedwire System in East Rutherford, New Jersey, to Rezko Enterprise's account at La Salle National Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

17

## COUNT FOUR

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1 through 27 of Count One are realleged and incorporated here.

2.    On or about December 31, 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

                    ANTOIN REZKO,
                (a/k/a TONY REZKO), and
                  ABDELHAMID CHAIB,
                  (a/k/a AL CHAIB),

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a wire transfer of $4,591.67 from GECC's bank account at Bankers Trust in New York City, New York, through the Fedwire System in East Rutherford, New Jersey, to Chaib Investment LLC's account at MB Financial Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

18

## COUNT FIVE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     Paragraphs 1 through 27 of Count One of this indictment are realleged and incorporated here.

2.     On or about March 1, 2004, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO
(a/k/a TONY REZKO),

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a letter dated February 25, 2004 addressed to Investor 1 on IFA letterhead signed by defendant ALI ATA, which letter was sent via facsimile transmission from Chicago, Illinois, to GECC in Scottsdale, Arizona; and

ALI ATA,

defendant herein, did aid and abet defendant ANTOIN REZKO and his co-schemers in committing said offense.

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

19

## COUNT SIX

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1 through 27 of Count One are realleged and incorporated here.

2.    On or about August 14, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO,
(a/k/a TONY REZKO),

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely an electronic message and financial statement file attachment titled "Chicago PJ Year End 2002" from Individual D in Chicago, Illinois, to a GECC employee in Bellevue, Washington;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

20

**COUNT SEVEN**

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1 through 27 of Count One are realleged and incorporated here.

2.    On or about August 14, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO,
(a/k/a TONY REZKO),

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely an electronic message and financial statement file attachment titled "Chicago PJ YTD 2003" from Individual D in Chicago, Illinois, to a GECC employee in Scottsdale, Arizona;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

21

## COUNT EIGHT

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.   Paragraphs 1(a) and (b), 1(e) through (g), and 1(l) through (o) of Count One are realleged and incorporated here.

2.   Between in or about 2001 and continuing to at least on or about August 14, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO
(also known as "Tony Rezko"),

defendant herein, together with Individuals A, C, and D, and with persons known and unknown to the Grand Jury (collectively the "co-schemers"), knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from GECC by means of false and fraudulent pretenses, representations, promises, and material omissions, and to defraud the Individual Investors by depriving them of their right to defendant's honest services, which scheme is further described below.

3.   It was part of the scheme that defendant ANTOIN REZKO, for the purpose of fraudulently obtaining loans from GECC and concealing the nature of those transactions from the Individual Investors:

> a.   caused Rezko Enterprises, directly and indirectly through its subsidiary companies, to transfer assets, namely pizza restaurants located in the vicinity of Milwaukee, Wisconsin, and Chicago, Illinois, to a company owned by Individual A, who was acting as a nominee for REZKO, and to himself

22

doing business as Chicago PJ, in transactions in which the purchase prices were inflated;

b.     applied, and caused Individual A to apply, to GECC for loans to finance the purchase of these restaurants;

c.     caused materially false and fraudulent statements and representations, and material omissions, to be made to GECC in connection with these loan applications and concerning subjects that included restaurant earnings, buyer equity, and purchase terms, and misrepresentations about the purchase prices; and

d.     following the transfers of ownership of the Milwaukee and Chicago area restaurants, misled and caused others to mislead the Individual Investors about the ownership and performance of Rezko Enterprises and its pizza restaurants by, among other things, falsely representing the sales of restaurants as the refinancing of existing debt and concealing the transfers of ownership.

4.     Paragraphs 5 through 15 of Count One are realleged and incorporated here.

5.     It was further part of the scheme that defendant ANTOIN REZKO and his co-schemers misrepresented, concealed and hid and caused others to misrepresent, conceal, and hide, and to attempt to misrepresent, conceal, and hide, acts done in furtherance of the scheme and the purposes of those acts.

6.    On or about October 16, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO,
also known as "Tony Rezko",

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a wire transfer of $5,635,000 from GECC's bank account at Bankers Trust in New York City, New York, through the Fedwire System in East Rutherford, New Jersey, to Rezko Enterprise's account at La Salle National Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.

24

## COUNT NINE

The SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    Paragraphs 1(a) and (b), 1(e) through (g), and 1(l) through (o) of Count One; Paragraphs 2 and 3 of Count Eight; Paragraphs 5 through 15 of Count One; and Paragraph 5 of Count 8 are realleged and incorporated here.

2.    On or about October 16, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTOIN REZKO,
also known as "Tony Rezko",

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals and sounds, namely a wire transfer of $500,000 from GECC's bank account at Bankers Trust in New York City, New York, through the Fedwire System in East Rutherford, New

Jersey, to Rezko Enterprise's account at La Salle National Bank in Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1343, 1346, and 2.


A TRUE BILL:

_____
FOREPERSON


_____
UNITED STATES ATTORNEY