UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 06-CR-729-3 |
| v. | ) | |
| | ) | HON. JAMES B. ZAGEL |
| ABDELHAMID CHAIB | ) | |

GOVERNMENT'S MOTION FOR ORDER MODIFYING CONDITIONS OF RELEASE

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, moves this Court for an order revising the conditions of release imposed on defendant Abdelhamid Chaib and barring defendant Abdelhamid Chaib from traveling outside the continental United States. In support, the government states as follows:

1. On or about December 13, 2007, an indictment was returned against defendant Abdelhamid Chaib. The order originally entered setting conditions of release required that defendant Chaib remain within the United States and surrender his passports to the Pre-Trials Services officer.

2. On or about January 16, 2008, at the defendant's request, this Court entered a revised Order Setting Conditions of Release for Defendant Abdelhamid Chaib, which permitted defendant Abdelhamid Chaib to leave the United States and travel to a country that does not presently have an extradition treaty with the United States, namely Algeria. To secure defendant Chaib's appearance, defendant Chaib's wife Lori Chaib posted her interest in their home.

3. At the time of the modification of this condition of release, the government had no objection to the defendant making this pre-arranged trip in light of the conditions imposed on defendant Chaib as well as the security posted by defendant Chaib's wife. Since the last hearing in

1

this matter, circumstances have changed, and the government has come to learn additional facts that have caused it to make the instant motion.

4.  Specifically, defendant Chaib's co-defendant in this matter, Antoin Rezko, was arrested pursuant to a warrant issued by this Court by the Honorable Amy St. Eve, and later remanded to custody.   The incarceration of defendant Rezko pending his trial in another matter is certainly a changed circumstance.

5. The government has also learned that of the approximately $3.5 million transferred in April 2007 from an overseas account into a bank account held by the law firm of Freeborn & Peters – a transfer that is described in a previous filing in this matter as relating to defendant Rezko– approximately $24,000 was eventually transferred in August 2007, after passing through a previously dormant bank account, to a law firm that until approximately two weeks ago represented defendant Chaib in this criminal matter. The government only recently became aware of this payment by defendant Rezko to defendant Chaib's criminal attorneys.

6.  A representative of that law firm informed government counsel on or about January 24, 2008, that it would no longer be representing defendant Chaib in connection with this matter.  Since that time, no attorney has filed an appearance on behalf of defendant Chaib nor has any attorney contacted government counsel on defendant Chaib's behalf.

7.   Moreover, as defendant Chaib knew – and his prior criminal counsel certainly appreciated – an agreement reached between the government and defendant Chaib's counsel in December 2007 concerning the review of certain subpoenaed materials for attorney-client privilege expired on or about January 27, 2008.  The government agreed with defendant Chaib's prior counsel to extend this expiration date for defendant Chaib to February 8, 2008 to permit new counsel an

opportunity to review these materials.  To date, neither defendant Chaib nor any attorney on his behalf has made any effort to review these materials, which are in the government's custody.

8. The failure of defendant Chaib to secure counsel to represent him in this criminal matter in light of the seriousness of the charges against him and the aforementioned deadline suggests to the government that defendant Chaib may not be intending to return to the United States to face the charges in this case and that, therefore, he poses a risk of flight at this time.

9. Consequently, the government respectfully moves for an order modifying his conditions of release to bar defendant Chaib from international travel and requiring him to return his passports to the pre-trial services officer.  The government would not object to the release of the security previously posted to secure this international travel, if these conditions of bond are so modified and the passports are tendered to the pretrial services officer.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:   s/Carolyn F. McNiven
      CAROLYN F. MCNIVEN
      BRANDON FOX
      Assistant United States Attorneys
      (312) 353-5159

3

### CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the

GOVERNMENT'S MOTION FOR ORDER MODIFYING CONDITIONS OF RELEASE

was served on February 6, 2008, in accordance with Fed. R. Crim.P.49, Fed R. Civ.P.5,LR5.5, and the General Order on Electronic Case filing (ECF), pursuant to the district court's system as to ECF filers.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/Carolyn F. McNiven
CAROLYN F. McNIVEN
BRANDON FOX
Assistant United States Attorneys
(312) 353-5159

4