

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 06 CR 729-3 |
| v. | ) Hon. James B. Zagel |
| | ) |
| ABDELHAMID CHAIB | ) |

### PROTECTIVE ORDER

Upon the agreement of counsel for the government and counsel of record for defendant, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to grand jury transcripts, agency reports, recorded conversations, witness statements, memoranda of interview, and any documents and tangible objects produced by the government, shall be divided into two categories – "Regular Discovery" and "Confidential" materials.

2. The parties contemplate that the government may designate as Confidential items that it believes require special protection. An example of such an item includes discovery material that may contain information relating to an ongoing or potential investigation of criminal wrongdoing. Defendant reserves the right to contest any government designation.

3. All materials produced by the United States, including both Regular Discovery and Confidential materials, in preparation for or in connection with any stage of the proceedings in this case, remain the property of the United States. Upon conclusion of the trial of this case and any direct appeals of this case or upon the earlier resolution of the charges against any defendant, all of these materials and all copies made thereof shall be destroyed, unless otherwise ordered by the Court. All materials or copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which such materials or copies shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

4. All materials produced by the United States may be utilized by defendant, defendant's counsels of record in this case ("defendant's counsels of record"), and counsel's employees solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. Defendant's counsel of record and defendant shall not disclose these materials either directly or indirectly to any person other than the defendant, defendant's counsel of record, persons employed to assist in the defense, potential witnesses to whom documents relevant to their testimony may be shown in connection with the defense of this case ("potential witnesses"), counsel for potential witnesses, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that defense counsel or the defendant may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendant, defendant's counsel of record, persons employed to assist the defense, potential witnesses, counsel for potential witnesses, or such other person as to whom the Court may explicitly authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

5. When materials produced by the United States are disclosed to a potential witness or counsel for a potential witness pursuant to the terms of this Order, neither the potential witness nor counsel for the potential witness shall disclose these materials either directly or indirectly to any person other than the defendant, defendant's counsels of record, persons employed to assist in the defense, or such other persons as to whom the Court may explicitly authorize disclosure. Any notes or records of any kind that a potential witness or counsel for a potential witness may make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the defendant, defendant's counsels of record, persons employed to assist the defense, or such other person as to whom the Court may explicitly authorize disclosure.

6. Defendant's counsels of record shall inform all of counsels' employees to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

7. Defendant's counsel of record shall inform all potential witnesses or counsel for potential witnesses to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall advise each of these individuals that they are obligated to comply with the terms of this Order.

8. The materials produced by the United States shall not be copied or reproduced by defense counsel or defendant except so as to provide copies of these materials for the use by defense counsels of record and defendant and such persons as are employed by them to assist in the defense, and such copies and reproductions shall be treated in the same manner as the original matter.

9. Confidential materials shall not be filed publicly with the Clerk of Court. Any Confidential documents produced in discovery that are attached to any filing or otherwise require the Court's review shall be filed under seal.

10. The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use and/or dissemination of these materials.

11. The restrictions set forth in this Order do not apply to documents that are in the public record or public domain. In addition, this Order does not apply to any materials that defendant obtains from any sources other than the government.

12. The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

13. Any violation of this Order may result in imposition of civil and criminal sanctions.

ENTER:

_____
JAMES B. ZAGEL
United States District Judge

Dated: **MAR 1 8 2008**

3